UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER PEETE,

               Petitioner,

v.                                                  Case No. 24-cv-0064-bhl

JOHN NOBLE,

               Respondent.

## SCREENING ORDER

On January 16, 2024, petitioner Christopher Peete, a state prisoner currently incarcerated at Kettle Moraine Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] (ECF No. 1.) He paid the filing fee the same day. (*Id.*)

### SCREENING THE PETITION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to screen Peete's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### BACKGROUND

Peete states that he is currently serving a revocation sentence following an "unconstitutional finding of guilt" at his revocation hearing. (ECF No. 1 at 1–2.) As a result, he

---

[1] Although Peete filed his petition using a form titled, "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," (ECF No. 1 at 1), he is a state prisoner challenging his incarceration from a state-court judgment, making his petition subject to § 2254. Rule 1(a)(1), Rules governing § 2254 Cases. For simplicity's sake, the Court will treat Peete's petition as one filed pursuant to § 2254.

claims to be serving prison time "beyond [his] sentence" and "[m]ore time than required per the administrative guidelines." (*Id.* at 2.) Peete appealed his revocation to the Division of Hearings and Appeals on February 24, 2023, and the decision was sustained on March 29, 2023. (*Id.*) He then petitioned the Milwaukee County Circuit Court for a Writ of Certiorari. (*Id.* at 3.); *State ex. rel. Peete v. Hayes*, Milwaukee Cnty. Cir. Ct. Case No. 2023CV5315, https://wcca.wicourts.gov/caseDetail.html?caseNo=2023CV005315&countyNo=40&index=0 (last visited Feb. 22, 2024). Peete reports filing his petition on May 7, 2023, but the circuit court record indicates it was not filed until July 19, 2023. He confirms that his petition was "[d]ismissed as untimely" on August 8, 2023. (*Id.* at 3.) Peete alleges that he "filed a motion for reconsideration," but "the courts did not respond 3 months later." (*Id.*) Peete does not indicate that he has appealed his revocation to the Wisconsin Court of Appeals or Supreme Court, and online records do not show any appeal having been filed.

## ANALYSIS

Peete asserts six grounds for his habeas petition: (1) that he was not properly credited for portions of his supervision and, therefore, his revocation sentence was too long; (2) that the revocation judge violated his due process and Fifth Amendment rights by relying on testimony from his probation agent and an unsigned statement; (3) that the revocation judge failed to consider mitigating factors that warranted reducing his revocation sentence; (4) that the revocation judge violated his due process rights by finding he violated an order to use an ignition interlock device (IID) before its use was ordered; (5) that the revocation judge improperly found him guilty of a curfew violation; and (6) that the revocation judge violated the double jeopardy clauses of the United States and Wisconsin constitutions by considering "institution conduct" from his previous incarceration to justify his revocation sentence. (*Id.* at 6–7.) Peete asks the Court to nullify the revocation judgment against him, vacate his remaining sentence, and order his immediate release from custody. (*Id.* at 9.)

Under 28 U.S.C. § 2254(b)(1)(A), a federal court cannot grant habeas relief unless the petitioner has exhausted the available state court remedies. "In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006). "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but

exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court." *Id.* at 93 (citation omitted). Instead, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). The procedural default doctrine bars a federal district court from hearing either a claim which was never presented to the state courts, or a claim that was denied on adequate and independent state law grounds. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Wisconsin law provides for review of probation revocation decisions "by certiorari directed to the court of conviction . . . ." *Griffin v. Hafemann*, No. 15-C-140, 2015 WL 566593, at *1 (E.D. Wis. Feb. 9, 2015) (quoting *State ex rel. Johnson v. Cady*, 185 N.W.2d 306, 311 (Wis. 1971)). An inmate has 45 days to file a petition for a writ of certiorari challenging the administrative decision to revoke his probation. Wis. Stat. § 893.735; *Smith v. Benzel*, No. 23-CV-1405, 2024 WL 493288, at *1 (E.D. Wis. Jan. 25, 2024) (quoting *Sanders v. Paquin*, No. 09-CV-472-BBC, 2009 U.S. Dist. LEXIS 69068, at *11 (W.D. Wis. Aug. 7, 2009)). If that petition is unsuccessful, the inmate must appeal the circuit court's decision to the Wisconsin Court of Appeals and, if again unsuccessful, must seek review by the Wisconsin Supreme Court. *Smith*, 2024 WL 493288, at *1. The inmate may seek habeas relief in federal court only after each of these steps proves unsuccessful. *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Peete indicates that he filed a petition for a writ of certiorari in the circuit court following his unsuccessful administrative appeal. (ECF No. 1 at 3.) He alleges that he filed the petition on May 7, 2023, which would be within 45 days of the March 29, 2023 decision denying his administrative appeal. However, circuit court records show that his petition was filed July 19, 2023—outside the 45-day window mandated by Section 893.735. And indeed, Peete confirms that his petition was "[d]ismissed as untimely" on August 8, 2023. (*Id.*) He alleges that he "filed a motion for reconsideration," (*id.*), which is reflected in the circuit court record as "[l]etters/correspondence" "filed by plaintiff" on October 12, 2023. *See Peete*, Milwaukee Cnty. Cir. Ct. Case No. 2023CV5315 (docket entry dated 10-12-2023). The circuit court has not taken any action related to Peete's letter.

Peete's larger problem is that he did not appeal the dismissal of his petition to the Wisconsin Court of Appeals. He must do so as part of the exhaustion process. And the time for such an appeal has now long passed. *See* Wis. Stat. § 808.04. By failing to appeal the dismissal of his petition to the Court of Appeals, Peete has both failed to complete the exhaustion process and procedurally defaulted on his ability to do so.

Accordingly, the Court cannot consider Peete's claims unless he can demonstrate cause and prejudice for his default or show that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual and substantial* disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original) (quoting *Lewis*, 390 F.3d at 1026). Alternatively, the miscarriage of justice exception requires the petitioner to "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

Because procedural default is an affirmative defense,[2] Peete was not required to plead around it in his petition. *See Perruquet*, 390 F.3d at 515. Accordingly, the Court will allow Peete an opportunity to establish that an exception applies to forgive his apparent default. Peete must show either: (1) cause to explain his failure to properly appeal his defaulted claims to the Wisconsin Court of Appeals, as well as (2) how the default worked to his actual and substantial disadvantage; or (3) that a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the offenses of which he was convicted. If his response does not sufficiently demonstrate either cause and prejudice or a miscarriage of justice, the Court will dismiss his petition.

---

[2] Although procedural default is an affirmative defense, it may be raised *sua sponte* by the Court in the interest of judicial efficiency. *Kurzawa v. Jordan*, 146 F.3d 435, 440 (7th Cir. 1998) ("[W]e may make *sua sponte* inquiry into whether a procedural default is manifest 'and decide whether comity and judicial efficiency make it appropriate to consider the merits' of the petitioner's arguments.") (quoting *Galowski v. Murphy*, 891 F.2d 629, 634–35 n.11 (7th Cir. 1989)).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Christopher Peete must file a document showing cause why his petition should not be dismissed as barred by the doctrine of procedural default. Peete must file that document on or before **March 25, 2024**. If Peete cannot establish cause and prejudice or a miscarriage of justice, or if does not file the document showing cause by the deadline, the Court will dismiss the petition.

Dated at Milwaukee, Wisconsin on February 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge