UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER PEETE,

              Petitioner,

v.                                                                            Case No. 24-cv-0064-bhl

JOHN NOBLE,

              Respondent.

---

## ORDER DISMISSING HABEAS PETITION

---

      On January 16, 2024, petitioner Christopher Peete, a state prisoner (then) incarcerated at Kettle Moraine Correctional Institution, filed a petition for a writ of habeas corpus. (ECF No. 1.) He paid the filing fee the same day. (*Id.*) On February 22, 2024, the Court screened the petition, concluded that each of Peete's six grounds for habeas relief appeared to be procedurally defaulted, and ordered Peete to show cause why his petition should not be dismissed. (ECF No. 4.) Peete responded on March 18, 2024, offering four bases on which the Court should excuse his default: (1) Peete was misled by a packet provided to him by the prison library as to the appropriate appellate process; (2) Peete timely filed his petition for writ of certiorari with the circuit court but prison officials refused to send the payment check he provided and the court refused to respond to his motion for reconsideration; (3) Peete has a "learning disability" and was taken advantage of in violation of the Americans with Disabilities Act (ADA) and Fourteenth Amendment; and (4) Peete is innocent of the violation for which he was revoked. Because none of Peete's asserted grounds are sufficient to excuse his default, the Court will dismiss Peete's petition as procedurally defaulted.

      As the Court explained in its screening order, a federal court cannot grant habeas relief unless the petitioner has exhausted his available state court remedies. (ECF No. 4 at 2 (citing 28 U.S.C. § 2254(b)(1)(A)).) The need to exhaust state court remedies is a fundamental prerequisite to federal habeas review. While it appears that Peete no longer has any state court remedies left to pursue, that is because he is now barred procedurally from pursuing them, having failed to present his claims timely to the Wisconsin Court of Appeals (or Supreme Court). (*See* ECF No. 4

at 3–4.) As the United States Supreme Court has explained, a petitioner's inability to pursue a state court remedy because it is procedurally barred "provides an independent and adequate state-law ground for the conviction and sentence" and generally prevents federal habeas corpus review of the defaulted claim. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). The only exception is if the petitioner can demonstrate cause and prejudice for the default or show that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Accordingly, the Court cannot consider Peete's claims unless he demonstrates cause and prejudice for his default or shows that the Court's failure to consider his claims will result in a fundamental miscarriage of justice. "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original) (quoting *Lewis*, 390 F.3d at 1026). Alternatively, the miscarriage of justice exception requires the petitioner to "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

Peete's first argument is that he was "misled" by an informational packet provided to him by the prison librarian. (ECF No. 5 at 1–2.) Even if true, this is not the type of "external impediment" sufficient to establish cause to excuse a default. Peete admits that he was not given incorrect legal advice by anyone associated with the prison or the State; he simply failed to understand the appropriate appellate procedure. But lack of knowledge of the law does not excuse a petitioner's procedural default. *See Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) ("[Y]outh and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default."); *see also United States ex rel. Stewart v. Ragen*, 231 F.2d 312, 314 (7th Cir. 1956) (holding that petitioner's failure to understand legal proceedings did not excuse failure to exhaust state court remedies).

Peete's second ground is that prison officials refused to forward the check he provided as payment for his petition for writ of certiorari to the state trial court. (ECF No. 5 at 2–3). He claims

he filed his petition on time, but someone at the Wisconsin Department of Corrections "kept" both his check for the original filing fee and a second check for what he thought was the balance. (*Id*.) He also contends that the circuit court received his petition but "someone deliberately misfiled [his] documents and took out the check" so he would miss the deadline. (*Id*.) All of this, he insists, resulted in the circuit court improperly dismissing his petition as untimely. (*Id*.) These assertions (for which Peete offers no evidence) would not help him even if they were true. Peete's claims are procedurally defaulted not because the circuit court dismissed his petition as untimely, but because he did not *appeal* that denial to the Wisconsin Court of Appeals and Supreme Court, and the time for him to do so has now long passed. (ECF No. 4 at 4.) Even accepting Peete's allegations as true, they do not establish cause for his failure to appeal. Thus, this ground is insufficient to overcome Peete's procedural default.

Peete's third ground, that he has a learning disability, is also not an external impediment that might establish cause for his procedural default. *See Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir. 1990) (illiteracy is insufficient to establish cause); *Harris v. McAdory*, 334 F.3d 665, 668–69 (7th Cir. 2003) (mental illness or mental retardation insufficient to establish cause). The impediment must be "external," while a learning disability is an internal impediment. *See Harris*, 334 F.3d at 669. And although Peete does allege that the Wisconsin Department of Corrections "took full advantage" of him due to his learning disability, he does so only in general terms. (*See* ECF No. 5 at 3.) He does not state how prison officials prevented him from properly exhausting his state court remedies. Thus, ground three is also insufficient to overcome procedural default.

Peete's final proposed ground to excuse his procedural default is based on an alleged miscarriage of justice due to actual innocence. According to Peete, his state court supervision was revoked after he was charged with Operating While Intoxicated but the underlying criminal OWI charge was later dismissed. (*Id.* at 3–4.) To the extent the actual innocence exception applies outside the death penalty context (an uncertain proposition), it applies only "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 321 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Peete offers no evidence for his actual innocence. Moreover, the mere revocation of his state court supervision, following a previous unchallenged state conviction, is not a miscarriage of justice. Thus, his final ground also cannot excuse his procedural default and his petition will be dismissed

as procedurally defaulted, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1).

The Court also notes that the Wisconsin Department of Corrections' website indicates that Peete was released from state custody on May 2, 2024, and is no longer under any form of state supervision. *See* Christopher C Peete, Offender Detail, available at https://appsdoc.wi.gov/lop/details/detail. While the Court will dismiss Peete's petition under the procedural default doctrine, his release from state custody likely renders his habeas challenge to his revocation moot in any event. *See Spencer v. Kenma*, 523 U.S. 1, 8–18 (1998).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Christopher Peete's Petition for Writ of Habeas Corpus is **DISMISSED** as procedurally defaulted, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1).

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing of the denial of a constitutional right and that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge